UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60117-CR-LEIBOWITZ

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**SANJAY SINGH**,

    Defendant.

_____/

## ORDER SETTING TRIAL AND PRETRIAL SCHEDULE

The Court hereby sets this case for **Criminal Jury Trial** at **299 E. Broward Boulevard, Courtroom 202B, Fort Lauderdale, Florida**, on October 7, 2024, at 9:00 a.m.

The **Final Pretrial Conference** will be held **on September 19, 2024,** at **2:00p.m.**, at the same location. The Defendant's appearance is required at all hearings and conferences.

It is further **ORDERED** that:

1. All pre-trial motions and all motions *in limine* (including but not limited to any motions pursuant to Federal Rule of Evidence 404(b)) must be filed by **September 5, 2024**. Each party is limited to filing one motion *in limine*. If there is more than one Defendant, Defendants shall file a combined *motion in limine*. Motions *in limine* in cases with more than one Defendant may exceed the page limits allowed by the Rules.

2. All requests for Writs *Ad Testificandum* must be filed not later than 14 business days prior to the trial date set forth above.

3. All responses pursuant to the Standing Discovery Order and/or Local Rule 88.10 shall be provided in a timely fashion and in accordance with any dates scheduled by this

CASE NO. 24-60117-CR-LEIBOWITZ

Court or the Magistrate Judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions. Any notice submitted pursuant to Federal Rule of Evidence 404(b) shall include a specific factual basis for the evidence sought to be introduced.

4. All motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion. Email communications are not sufficient to constitute conferral; counsel must speak to one another, either in person or over the phone, in a good-faith effort to resolve their disputes.

5. The Court intends to conduct *voir dire* of the panel of prospective jurors itself, with the assistance of approved written questions submitted in advance by counsel. Each party may file <u>five (5)</u> proposed *voir dire* questions for the Court to ask of the venire.

6. By **September 5, 2024**, the parties shall submit, in Word format, via email to leibowitz@flsd.uscourts.gov, a single set of proposed jury instructions, including substantive charges and defenses, and a verdict form. Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form *jointly*. **Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. <u>Instructions proposed only by the Government shall be underlined</u>.** *Instructions proposed solely by the defense shall be italicized.* Every instruction must be supported by citations to authority.

7. The Government shall file lists of proposed witnesses and exhibits to be presented at

CASE NO. 24-60117-CR-LEIBOWITZ

trial by **September 27, 2024**. The Defense shall file lists of witnesses and exhibits to be presented at trial by **October 3, 2024.** All exhibits must be pre-labeled in accordance with the proposed exhibit list. Government exhibits shall be designated numerically; defense exhibits will proceed alphabetically. On or before September 27, 2024, Government counsel shall provide the Court with two (2) hard-copy binders of all exhibits intended to be presented at trial; audio and/or video evidence may be provided in electronic format. On or before October 3, 2024, defense counsel shall do the same.

8. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with all counsel before the **Final Pretrial Conference**. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

9. The Government must turn over to defense counsel all Jencks Act (18 U.S.C. § 3500) material by **September 27, 2024**. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt. On or before this same date, Government counsel shall provide the Court with two (2) hard-copy binders of all Jencks Act material.

10. Upon receipt of this Order, counsel for each defendant shall certify with the Court's courtroom deputy whether that defendant requires the aid of an interpreter. In addition, all parties must notify the Court, at least two weeks before any hearing or the trial date, if an interpreter is required.

11. Arrangements for appropriate clothing for defendants in custody must be made with the Bureau of Prisons at least **seven (7) days** prior to the trial date.

CASE NO. 24-60117-CR-LEIBOWITZ

12. The parties shall comply with Local Rule 88.5, which requires the filing of speedy trial reports every 20 days hereafter until the time of trial or plea.

13. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders, which must be filed as attachments to the motions. **FURTHERMORE, PURSUANT TO THE CM/ECF ADMINISTRATIVE PROCEDURES, PROPOSED ORDERS SHALL BE SUBMITTED TO THE COURT BY E-MAIL IN WORD FORMAT AT** leibowitz@flsd.uscourts.gov.

14. For the reasons stated on the record, the time from today through the Trial date is excluded from the deadline for trial as computed under the Speedy Trial Act. The Court finds that the ends of justice served by granting this continuance outweigh the interests of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7). Time excluded from 6/26/2026 through 10/7/2024.

**DONE AND ORDERED** in the Southern District of Florida on this 26th day of June, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record