UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60117-CR-LEIBOWITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SANJAY SINGH,

    Defendant.
_____/

## THE DEFENDANT'S MOTION TO ENFORCE SEQUESTRATION ORDER AGAINST NEPTIME DIEUJUSTE AND MICHAEL SZOCHET

At the parties' final pre-trial conference, the government invoked the rule of sequestration and asked the Court's permission to have three individuals sit at counsel's table with counsel—FBI agent Austin Steelman, DOT investigator Michael Szochet, and Florida Office of Financial Regulation investigator Neptime Dieujuste. Mr. Singh moves to enforce the rule of sequestration against DOT investigator Michael Szochet and FOFR investigator Neptime Dieujuste.

Federal Rule of Evidence 615 provides that at "a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding . . . *one* officer or employee of a party that is not a natural person, if that officer or employee has been designated as the party's representative by its attorney . . . [or] any person whose presence a party shows to be *essential* to presenting the party's claim." (emphases added).

1

The rule of sequestration has deep roots in American jurisprudence. As the Supreme Court noted nearly fifty years ago:

> Wigmore notes that centuries ago, the practice of sequestration of witnesses "already had in English practice an independent and continuous existence, even in the time of those earlier modes of trial which preceded the jury and were a part of our inheritance of the common Germanic law." 6 J. Wigmore, Evidence s 1837, p. 348 (3d ed., 1940). The aim of imposing "the rule on witnesses," as the practice of sequestering witnesses is sometimes called, is twofold. It exercises a restraint on witnesses "tailoring" their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid. *See* Wigmore, Supra, s 1838; F. Wharton, Criminal Evidence s 405 (C. Torcia ed. 1972). Sequestering a witness over a recess called before testimony is completed serves a third purpose as well preventing improper attempts to influence the testimony in light of the testimony already given.

*Geders v. United States*, 425 U.S. 80, 87 (1976); *see also United States v. Ubieta*, 630 F. App'x 964, 972 (11th Cir. 2015) ("The rule of sequestration serves to: (1) exercise a restraint on witnesses attempting to tailor their testimony to that of earlier witnesses; and (2) 'it aids in detecting testimony that is less than candid.'") (internal citations omitted)).

The burden of overcoming the rule rests on the party seeking to avoid sequestration. As the Fourth Circuit has stated, "[b]ecause of its important role in reaching the truth, Rule 615 carries a presumption favoring sequestration. Accordingly, we construe the rule's exemptions 'narrowly in favor of the party requesting sequestration.' For the same reason, the party seeking to avoid sequestration of a witness bears the burden of proving that a Rule 615 exception applies." *Opus 3 Ltd. v. Heritage Park, Inc.,* 91 F.3d 625, 628 (4th Cir. 1996). Or, in

the words of the Eighth circuit, a "party seeking to exempt a witness from a sequestration order must show that the witness has such specialized expertise or intimate knowledge of the facts that the party could not effectively function in the witness's absence." *United States v. Klaphake*, 64 F.3d 435, 437 (8th Cir. 1995).

The government cannot meet that burden here. Special Agent Austin Steelman is the case agent on this matter. He coordinated the investigation, including the use of undercover agents, signed the search warrant, executed the search warrant, collected the evidence, and (it appears) testified at the grand jury. He also authored the great majority of the reports of investigation. The government has made the strategic decision not to call Agent Steelman as a witness, but insofar as any individual is "necessary" for the government's presentation of evidence, it is Agent Steelman.

Investigators Dieujuste and Szochet, on the other hand, appear on only 125 documents produced in discovery. And of those, Steelman *also appears* on 81. In other words, either Dieujuste or Szochet appear on only 44 unique documents in discovery. Investigator Dieujuste, for his part, did not author a single report produced in discovery.

It strains credulity to conclude that either are necessary for the government's presentation of the case. Given that Special Agent Steelman was the case agent on this matter, he should be permitted to sit at counsel's table with the attorneys. Because both Investigator Szochet and Investigator Dieujuste had only minimal

involvement in the investigation, the rule of sequestration should be enforced against them.

WHEREFORE, for the reasons set forth above, Mr. Singh respectfully requests that this Court enforce Fed. R. Evid. 615 against DOT Investigator Michael Szochet and FLOFR Investigator Neptime Dieujuste.

Respectfully submitted,

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

By: /s/ *Abigail Becker*
Abigail Becker
Assistant Federal Public Defender
Florida Bar No.: 72284
150 W. Flagler Street, Suite 1700
Miami, Florida 33130
Tel: (305) 530-7000
E-mail: abigail_becker@fd.org

By: /s/ *Victor Van Dyke*
Victor Van Dyke
Assistant Federal Public Defender
Florida Special A No.:
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
E-mail: victor_vandyke @fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 7, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ *Victor Van Dyke*

4