UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60117-CR-LEIBOWITZ

UNITED STATES OF AMERICA

v.

SANJAY SINGH,

  **Defendant.**
_____/

### RECENT ELEVENTH CIRCUIT CASE LAW ADDRESSING ZERO NEED TO ALTER PATTERN JURY INSTRUCTION FOR *U.S. V. TAKHALOV*, 827 F.3D 1307 (11TH CIR. 2016), IN ANY WAY

On August 14, 2024, the Eleventh Circuit reiterated its clear precent on "intent to defraud" when charging a jury on wire fraud and its iterations (other like fraud schemes proscribed by federal law) post the unique and often confusing holdings of *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016).  The confusion often arises by overzealous defendants that ask district courts to change and alter the already alerted and adjusted post-*Takhalov* pattern jury instructions that were crafted by the Eleventh Circuit Judicial Council.  The Defendant Singh wants this Court in this clearcut, textbook, wire fraud *Ponzi* scheme case to promote confusion and possibly cause reversable error by moving the Court to make changes through his requested jury instruction alteration and addition.  *See* DE 135 at 15-17.  Instead of further argument or reflection by the undersigned, I will turn to the higher Court to do the talking for me.  The case is *United States v. Bell*, No. 22-12750 No. 22-12750 (Aug. 14, 2024) which is a published opinion, and attached hereto.  Eleventh Circuit Court of Appeal Chief Judge William Pryor wrote for the Court.  The following language (save for the Conclusion at the end) is taken straight from the attached opinion, without quotations, unless they are from the Chief Judge, but with pinpoint cites to the Opinion by

1

this writer:

> This criminal appeal concerns currency sellers who defrauded retail investors and made false statements to federal agents. *Id*. at 1. The indictment charged the four defendants with conspiracy to commit mail and wire fraud, 18 U.S.C. § 1349; aiding and abetting each other to commit four counts of mail fraud, id. §§ 2, 1341; and aiding and abetting each other to commit four counts of wire fraud, id. §§ 2, 1343, 1349. *Id*. at 8. The sellers requested a jury instruction on the fraud counts. Their instruction distinguished between the intent to deceive and the intent to defraud, as described by this Court in *United States v. Takhalov*, 827 F.3d 1307, 1315 (11th Cir. 2016). Although the sellers "agree[d] that Takhalov didn't say . . . the pattern jury instruction was wrong," they proposed that the district court add . . . [language] . . . *Id*. at 9.
>
> B. The District Court Properly Instructed the Jury on the Fraud Charges.
>
> The sellers argue that the district court erred by failing to give a *Takhalov* instruction on the fraud charges. We again disagree. The district court correctly instructed the jury. *Id*. 23. The sellers proposed jury instructions that they said reflected the distinction that we drew in Takhalov between the intent to deceive and the intent to defraud. *See* 827 F.3d at 1313–14. The sellers proposed that the jury be instructed that "[p]roving intent to deceive alone, meaning deception without the intent to cause loss or injury, is not sufficient to prove intent to defraud." That language has since been incorporated into the Eleventh Circuit Pattern jury instructions. *See* Eleventh Circuit Pattern Jury Instructions, Criminal Cases O50.1, at 2 (Jan. 2019 rev.). The sellers also proposed the instruction that "[i]t is not fraud if" the sellers "tricked someone into entering a transaction but nevertheless gave the person exactly what they asked for and charged that person exactly what he or she agreed to pay." The Judicial Council has not adopted that language. *Id*. at 23-4.

The district court did not abuse its discretion by refusing to give the sellers' proposed instruction. Most of the instruction—that is, that "[i]t is not fraud if" the sellers "tricked someone into entering a transaction but nevertheless gave the person exactly what they asked for"—is an incomplete statement of the law and risked misleading the jury. *See Silverman*, 745 F.3d at 1396. That language presents only the sellers' theory of the case. The government posited that the sellers' misrepresentations did go to the "characteristics" of the dinar and so constituted actionable fraud, *see Takhalov*, 827 F.3d at 1314, but the defense posited that the misrepresentations were ancillary when investors received "exactly [the dinars] they asked for." By merely restating the sellers' defense theory, the proposed instruction was one-sided. It presented only a scenario that would not be fraud, while omitting scenarios that would be fraud, and so failed to instruct the jury how to tell the difference. We have affirmed the refusal to give supplemental instructions "[t]hough composed of quotations from our opinion in *Takhalov*"—in a similar context because pairing the instructions with only the defense theory risked misleading the jury. *See Waters*, 937 F.3d at 1353 (affirming refusal of proposed *Tahkalov* instruction that was an "incomplete statement of the law" and "didn't tell the jurors how to tell the difference" between deceit and fraud (citation and internal quotation marks omitted)).

Nor did the omission of the instruction impair the sellers' ability to present a complete defense. *See Westry*, 524 F.3d at 1216; *United States v. Eckhardt*, 466 F.3d 938, 947–48 (11th Cir. 2006). The part of the sellers' instruction now incorporated into the current version of the Eleventh Circuit pattern jury instructions—that is, that "[p]roving intent to deceive alone, meaning deception without the intent to cause loss or injury, is not sufficient to prove intent to defraud" was substantively incorporated in the district court's jury charge. The instruction that the district court gave explained that a "'scheme to defraud' includes any plan or course of action intended to

3

deceive or cheat someone out of money or property." So when viewed as a whole, the district court's instruction made clear that the defendant must intend "to deceive the [victim] and deprive [him] of something of value." Shaw, 580 U.S. at 63. Because the district court's charge "addressed the substance" of the first sentence of the sellers' proposed instruction, the sellers' "ability to present an effective defense was [not] impaired." Watkins, 42 F.4th at 1287. The district court did not abuse its discretion when it refused to give the sellers' proposed instruction. *Id*. at 23-26.

## CONCLUSION

This Court should do the same and NOT alter the Pattern Jury Instruction that already has the necessary changes that the Eleventh Circuit Court of Appeals says is perfect, post-*Takhalov*. Any alteration, addition, subtraction, supplementation, or otherwise, such as those unnecessary changes requested by the Defendant, could result in confusion of the necessary elements that must be met to prove Singh committed the acts charged in the Indictment, namely conspiracy to commit wire fraud, wire fraud, and money laundering (as to the specified unlawful activity [wire fraud or conspiracy to commit same] which is a necessary element of that count). As such, if the Court were to adopt the Defendant's suggestion, it could cause reversable error.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Robert F. Moore
Assistant United States Attorney
Court Id No. A5502488
99 N.E. 4th Street
Miami, FL 33132
Telephone: (305) 961-9411
Email: Robert.Moore@usdoj.gov

By: /s/Roger Cruz
Roger Cruz
Assisted United States Attorney

4

Florida Bar No. 157971  
JLK Federal Justice Building  
99 Northeast 4th Street  
Miami, Florida 33132-2111  
Telephone: 305-961-9207  
Facsimile: 305-536-4699  
Email: roger.cruz@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system.

By: /s/Roger Cruz  
     Roger Cruz