UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SANJAY SINGH,

Defendant.

Case No.: 0:23-cr-60117-DSL

**DEFENDANT'S MOTION TO DISMISS COUNTS 1-7 OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE AND FAILURE TO ESTABLISH SUBJECT MATTER JURISDICTION**

**COMES NOW,** the Defendant, **Sanjay Singh**, by as PRO-SE, and moves this Court to **dismiss Counts 1 through 7 of the Indictment**, which charge Defendant with **Wire Fraud (18 U.S.C. § 1343) and Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349)**, on the grounds that:

1. The **Indictment fails to state an offense** under *Federal Rule of Criminal Procedure 12(b)(3)(B)(v)* because it does not sufficiently allege **specific intent to defraud**, as required by *Neder v. United States*, 527 U.S. 1 (1999).

2. The **Indictment fails to establish subject matter jurisdiction** because it does not allege a **legally cognizable scheme to defraud**, per *Pasquantino v. United States*, 544 U.S. 349 (2005).

Case No.: 0:23-cr-60117-DSL                         1

3. The **Indictment improperly relies on an omission theory without alleging any fiduciary or trust-based duty to disclose**, making it legally deficient under *United States v. Steffen*, 687 F.3d 1104 (8th Cir. 2012) and similar case law from the Eleventh Circuit.

In support of this Motion, Defendant states as follows:

## I. INTRODUCTION

The Indictment alleges that Defendant engaged in **wire fraud and conspiracy to commit wire fraud**, claiming that he made **material misrepresentations and omissions** in connection with investment solicitations for **Royal Bengal Logistics, Inc. (RBL)**.

However, the Indictment fails to properly plead **specific intent to defraud** under *Neder* because:

1. The **alleged omissions** are not actionable in the absence of a **legal duty to disclose** (*United States v. Steffen*, 687 F.3d 1104 (8th Cir. 2012); *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016)).

2. The **Indictment does not allege any fiduciary or trust-based relationship** between Defendant and investors, which is a prerequisite for fraudulent omission claims (*United States v. Langford*, 647 F.3d 1309 (11th Cir. 2011)).

3. The **alleged affirmative misrepresentations** are **non-actionable opinions, predictions, or forward-looking statements**, not material falsehoods (*United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016); *United States v. Colton*, 231 F.3d 890 (4th Cir. 2000)).

Case No.: 0:23-cr-60117-DSL                    2

Further, under *Pasquantino v. United States*, 544 U.S. 349 (2005), the **wire fraud statute applies only to schemes designed to obtain money or property through fraudulent means**. Here, the Indictment does not sufficiently plead a **legally cognizable scheme** because:

- The **alleged scheme lacks a direct fraudulent deprivation of money or property**.
- The **wire fraud charges are improperly based on non-actionable omissions** and **statements of opinion rather than misrepresentations of fact**.

Accordingly, **Counts 1 through 7 must be dismissed** for **failure to state an offense** and **failure to establish subject matter jurisdiction**. The Motion to dismiss for a lack of subject matter jurisdiction and failure to sta an offense can be brought for review anytime when the case is pending until a mandate is issued by circuit court case law is *United States v Izurieta* 710 F 3 d 1176 (11th Cir. 2014 Amendment has no change on the precedence).

## II. JURISDICTION

In *Brown v. United States* Brown Holding instructs that if the indictment affirmatively alleged conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statue and there is a jurisdictional defect that type of indictment defect is jurisdictional because the indictment fails to invoke the district courts authority under 18 USC 32 31 over offenses against the Laws of the United States.

*Meacham, Peter and Izurieta* are examples of indictments that affirmatively alleged facts that conclusively negated the existence of any offense against the laws of the united States . In all above specifics and narrow circumstances district indeed lacks Subject matter jurisdiction because the indictment fails to invoke the authority. Although failure to state an offense under

Case No.: 0:23-cr-60117-DSL                                     3

12(b)(3) (B)(V) is a pretrial motion it is a defect in the indictment motion invoking jurisdictional matter. Further the failure to state an offense motion can be brought in anytime if the basis for the motion is reasonably available.

## III. LEGAL STANDARD AND STANDARD OF REVIEW

**A. Wire Fraud Requires Specific Intent to Defraud and a Material Falsehood**

Under *Neder v. United States*, 527 U.S. 1, 25 (1999), **wire fraud requires a scheme to defraud involving a material misrepresentation or omission, coupled with specific intent to deceive.**

- A **material misrepresentation** is **a false statement about an existing fact that is capable of influencing a decision** (*United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000)).

- **Puffery, opinions, and future predictions do not constitute material misrepresentations.** *Takhalov*, 827 F.3d at 1313.

**B. Omission Theory Requires a Duty to Disclose**

- The **failure to disclose information is not actionable fraud unless there is a legal duty to disclose** (*Steffen*, 687 F.3d at 1115).

- The **Indictment does not allege that Defendant had any such duty**, making the omission theory legally insufficient.

**C. Subject Matter Jurisdiction Requires a Cognizable Fraudulent Scheme**

Case No.: 0:23-cr-60117-DSL                              4

- In *Pasquantino v. United States*, 544 U.S. 349 (2005), the Supreme Court held that **wire fraud must involve an actual scheme to deprive another of money or property**.

- If the alleged fraud is **based on legally insufficient misrepresentations or omissions**, the **court lacks subject matter jurisdiction over the offense**.

## IV. THE OMISSION THEORY IS NOT ACTIONABLE BECAUSE THERE IS NO DUTY TO DISCLOSE

The government improperly relies on **an omission theory** in the Indictment without alleging that Defendant owed a duty to disclose material information. **In both civil and criminal fraud cases, a fraudulent omission is only actionable if the defendant had a duty to disclose based on a fiduciary or trust-based relationship** (*United States v. Steffen*, 687 F.3d 1104 (8th Cir. 2012); *United States v. Langford*, 647 F.3d 1309 (11th Cir. 2011)).

1. **No Fiduciary Duty Exists** – A fiduciary duty exists when one party places **special confidence** in another, such that the latter has a legal duty to act in the best interest of the former. **There is no allegation in the Indictment that Defendant was a fiduciary to investors.** Courts have consistently held that **business relationships and arm's-length transactions do not create a fiduciary duty** (*United States v. Bradley*, 644 F.3d 1213 (11th Cir. 2011)).

2. **No Special Relationship of Trust Exists** – The Eleventh Circuit has held that a duty to disclose can arise where **one party holds itself out as a trusted advisor** (*United States v.*

*Langford*, 647 F.3d 1309 (11th Cir. 2011)). The Indictment fails to allege that Defendant **acted as a financial advisor or trustee**. Instead, the alleged transactions were **business dealings that do not create a legal duty to disclose**.

3. **Mere Silence Is Not Fraud** – Courts have held that **mere nondisclosure is not fraudulent absent a duty to disclose** (*United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016)). **If a party does not have an obligation to speak, remaining silent—even if knowing another party is mistaken—is not fraud.**

Because the **Indictment does not allege a duty to disclose**, its omission theory **fails as a matter of law**, and the wire fraud charges must be dismissed.

## V. THE ALLEGED MISREPRESENTATIONS ARE NOT ACTIONABLE UNDER WIRE FRAUD STATUTE

The Indictment lists several statements as alleged misrepresentations. However, under **Florida fraud standards** and **federal wire fraud law**, these statements are either **non-actionable forward-looking projections, corporate puffery, or contractually bound obligations**:

1. **Promised investment returns were guaranteed** – This statement is **puffery and forward-looking** rather than a material falsehood. **Statements about future profitability or success are not actionable fraud** (*United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016)).

2. **RBL assumed the risk while investors received returns irrespective of risks** – This was **a contractual agreement**, and courts have held that **disputes over contract terms**

    do not constitute fraud unless deception existed at contract formation (*United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020)).

3. **RBL paid more funds to investors than it took from investors** – This is a **financial projection** and does not constitute fraud absent intent to deceive. **Predicting financial health is not fraud unless a known falsehood is involved** (*United States v. Gatto*, 986 F.3d 104 (2d Cir. 2021)).

4. **RBL was able to pay investors through its successful trucking business** – **Forward-looking business claims are not fraud** unless they are demonstrably false at the time made (*United States v. Weimert*, 819 F.3d 351 (7th Cir. 2016)).

5. **RBL used investment principal to acquire trucks and trailers** – This is a **contractual arrangement** that is not inherently fraudulent. **Misrepresentations about contract terms are not wire fraud absent intent to defraud** (*United States v. Colton*, 231 F.3d 890 (4th Cir. 2000)).

Because these statements **fail to meet the material misrepresentation requirement**, the **wire fraud charges must be dismissed.**

---

## VI. CONCLUSION

For the reasons set forth above, the **Indictment fails to state an offense** and **fails to establish subject matter jurisdiction. If the count 1 to 7 is dismissed with prejudice, count 8 is moot for discussion because it is predicated upon count 1-7.**

**WHEREFORE, Defendant respectfully requests that this Court dismiss Counts 1 through 7 of the Indictment with prejudice.**

## VII CERTIFICATE OF CONFERENCE

A good faith effort was made with the government through public defender office. No response received other than status conference set for April 8th, 2025.

## VIII CERTIFICATE OF SERVICE

A paper copy has been mailed to Clerk of Court and will be filed by CM/ECF system all parties will receive a copy electronically.

If hand signature required Defendant is available in court room only for signature.

**Dated:** March 18, 2025

**Respectfully submitted,**

S/Sanjay Singh In custody US MARSHAL

EMAIL: SJAYSINGH@ICLOUD.COM